IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOHN RANDALL FUTCH,

    Petitioner,

vs.

                      CIVIL ACTION NO.: CV212-103

ANTHONY HAYNES, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner John Randall Futch ("Futch"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Futch filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

In 2003 Futch pled guilty to one count of conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 371, and one count of mail fraud, in violation of 18 U.S.C. § 1341. United States v. Futch, CR402-232-1 (S.D. Ga. 2003). Futch appealed his convictions and sentences, and, in 2004, the Court of Appeals for the Eleventh Circuit affirmed. United States v. Futch, No. 03-12270 (11th Cir. 2004). In 2004 Futch filed his first motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 which was denied. Futch v. United States, CV404-097 (S.D. Ga. 2004). In 2010

AO 72A
(Rev. 8/82)

Futch filed his first petition for writ of habeas corpus pursuant to § 2241 which was denied.[1] Futch v. Holland, CV010-094 (E.D. Ky. 2011). Earlier this year, Futch filed his second § 2255 motion; that motion remains pending. Futch v. United States, CV412-001 (S.D. Ga). The instant petition is Futch's second § 2241 petition and his first in this Court.

In the instant petition,[2] Futch asserts that he is actually innocent of the criminal offenses to which he pled guilty. His "actual innocence" claim is based on the fact that the search warrant in that case was sealed while the case was pending and remained sealed until September 10, 2003, after he pled guilty. Futch argues that because the search warrant was sealed his guilty plea was not knowingly and intelligently entered because he was "without the benefit of whether a suppression hearing may be needed." (Doc. No. 9, p. 1).

## DISCUSSION AND CITATION OF AUTHORITY

Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to 28 U.S.C. § 2255 is the proper method to be used by a prisoner seeking to collaterally attack the validity of his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942, 944–45 (11th Cir. 2005) (citation omitted); 28 U.S.C. § 2255(a). Conversely, a § 2241 petition is appropriate for claims concerning the execution of a sentence. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008). After filing an unsuccessful § 2255 motion, a prisoner may file successive §

---

[1] Although the court "denied" Futch's petition, it did so by screening his petition under a frivolity standard pursuant to 28 U.S.C. § 2243. Futch v. Holland, CV010-094, Doc. No. 14 (E.D. Ky. 2011). As a result, the "denial" of Futch's first § 2241 petition was more akin to a dismissal.

[2] The arguments made in the instant petition are virtually identical to the arguments made in his first § 2241 petition.

AO 72A
(Rev. 8/82)

2255 motions only with permission from the appropriate court of appeals and only in the narrow circumstances prescribed by § 2255(h). A prisoner may not file a § 2241 habeas petition in an attempt to circumvent the ban on successive § 2255 motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

However, when a motion filed under § 2255 would be "inadequate or ineffective to test the legality of his detention," a prisoner may file a habeas petition under § 2241. 28 U.S.C. § 2255(e). A motion under § 2255 is "inadequate or ineffective" as to a prisoner's claim, thus triggering the availability of § 2241, "when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244. The petitioner has the burden of producing evidence showing the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (citation omitted).

Futch's claim, that he is actually innocent of the criminal charges to which he pled guilty, is an attack on the validity of his conviction. Therefore, his claim falls within the ambit of § 2255, and in order to file a § 2241 petition, Futch's claim must fall within the savings clause of § 2255(e). Futch fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was foreclosed from raising his claim in his previously-filed § 2255 motions. Without meeting the Wofford test, Futch's claim does not fall within the savings clause of § 2255(e); therefore, he cannot bring it under § 2241.

3

AO 72A
(Rev. 8/82)

In his Response to Respondent's Motion to Dismiss, Futch characterizes his claim as a violation of Brady v. Maryland, 373 U.S. 83 (1963), and argues that a Brady claim cannot be time barred or procedurally barred. Futch cites Banks v. Dretke, 540 U.S. 668 (2004); Schlup v. Delo, 513 U.S. 298 (1995); and Cone v. Bell, 556 U.S. 449 (2009), in support of his argument. None of the cases cited by Futch stand for the proposition that the § 2255(e) savings clause is automatically met or excused for Brady claims.

Additionally, in his Response, Futch quotes a passage from an unknown source, which the Court was unable to find, that, according to Futch, states, "Habeas Relief is available to a federal prisoner under Title 28, United States Code §2241, if the petitioner is actually innocent and a motion under Title 28, United States Code §2255 is inadequate or ineffective to test the said legality of his detention." (Doc. No. 14, p. 2). Whatever the source of Futch's quoted passage, it clearly states that a claim of actual innocence is not alone enough to make § 2241 relief available to a petitioner; a motion under § 2255 must be inadequate or ineffective.

Finally, in his Response, Futch asserts that § 2255 is inadequate or ineffective as to him "because in Gilbert v. United States, [640 F.3d 1293 (11th Cir. 2011)], was based upon a non-existent offense this case, is first impression before this circuit, because 'its an act that the law does not make criminal' so the Petitioner's Brady claim should be addressed[.]" (Doc. No. 14, p. 3). The decision in Gilbert is not helpful to Futch. Like Gilbert, Futch was convicted of crimes which do exist.[3] However, unlike Gilbert, Futch's sentence was not enhanced by U.S.S.G. § 4B1.1, the career offender enhancement.

---

[3] As previously discussed, Futch has not directed the court to any new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense.

4

AO 72A
(Rev. 8/82)

Also unlike Gilbert, Futch's claim is not that he was wrongly sentenced for the crimes of which he was convicted; rather, Futch's claim is that he was wrongly convicted. The Eleventh Circuit's opinion in Gilbert has no bearing on Futch's claim.[4]

Futch's claim, that he is actually innocent of the criminal offenses to which he pled guilty, is a claim appropriately brought under § 2255. Futch's claim fails to meet the Wofford test; therefore, Futch is not entitled to bring his claim pursuant to § 2241 by way of the savings clause articulated in 28 U.S.C. § 2255(e).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and Futch's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 27 day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[4] It is worth noting that even if Gilbert applied to Futch's claim, it would be no help to Futch. In Gilbert, the Eleventh Circuit determined that a claim challenging a sentence, at least where the challenged sentence does not exceed the statutory maximum, *cannot* be brought in a § 2241 petition. Gilbert, 640 F.3d at 1295.